Duncan, J.
delivered the opinion of the Court.
One single question arises on this record:—Can a party challenge any of the viewers peremptorily under the act of 4th April, 1809, which provides, “ that in all civil suits each party shall be allowed to challenge two jurors peremptorily.55 The several acts respecting jurors are to be considered collectively, as forming one general system, and explanatory of *354 each other. The sense and spirit of this privilege is, that a party shall possess the power of challenging at least two persons wjj0 rnáy be obnoxious to him, but against whom there is no legal-exception as jurors. This is a proper indulgence even to prejudice ; but the reason ceases when he has an opportunity of striking off twelve. If a practice had not prevailed to the contrary, I should much doubt this right in any case of special jury. Why should this indulgence and arbitrary discretion be extended to fourteen ? Why should the suitor, after striking out at his pleasure one full jury, have the right, on the trial, to strike two jurors more without cause ? He has, in the words of the venire, put himself on that jury so struck. But as this practice has not been attended with any inconvenience, I am not for disturbing it; but I can see much inconvenience from extending it to a challenge of viewers. As far as my experience goes, this has not been the practice. The general Jury Law of 29th March, 1805,. with respect to views, remains unaltered (by the act of 4th Aprils 1809) the 11th section of which enacts “ that where a view shall be allowed, any six of the first twelve of the jury named in the panel, shall be taken by the sheriff or other officer who shall have the view, and such of the said viewers who appear at calling of the jury shall be first sworn, and so many jurors only shall be added to the said jury as shall, after default and allowed challenges, make up'the number twelve.” The Courts have established a regulation with respect to viewers in their rules “that no trial shall be put offon account of a view not being had by six of the first twelve of the jury as they stand in the panel, provided any of them have viewed and some of them do appear to try the cause; and such of them who have viewed and appear, shall be first sworn on the trial, and the form of venire shall be altered accordingly.” Both under this rule and under the provisions of the act of 1805, at least six must have viewed, and one viewer, at least, be sworn to try the cause, or the cause could not be tried on that venire but by consent. As the view stood at the common law, at least six of the viewers must have been sworn of the jury, “for when the plaintiff was to recover per visum, juratorum, there ought to be six of the jury who have had the view, and known the land in question, so as to be able to put the plaintiff in possession, if he recover.” Co. Lift. 158 b. And although it is not required that six of the jurors shall necessarily be sworn on the trial, yet-the party has a right to a full view by *355 at least six, and a trial by all if they appear, and are not dismissed for allowed challenge, and they must first be sworn and affirmed. Their names are not balloted for, and, no peremptory challenge is given, but after the ballot; and the jurors to be balloted for are to be added to the number of viewers. Now, where there is no number, there can be no addition to it; as where there are no quales there cannot be tales, for if all the persons returned be challenged and drawn, a tales shall not be awarded, for the word plainly refers to some others to whom the person is to be like.
In all cases, if peremptory challenges were allowed, it would be in the power of the party to deprive his adversary of the benefit of a trial by six of the viewers; and if only two appeared, of the benefit of his view altogether, and ofa trial at that term, for if there was no viewer left, the cause would be continued for want of the view. It would be mockery to the suitor, to promise him a trial by six jurors who have had a view, and yet leave it to the arbitrary discretion of his opponent to deprive him of it. Any one dissatisfied with a view, and making up his opinion as to the aspect his cause bore on the view, and an intelligent suitor seldom fails to make up an opinion as to the impression which the view has made, might, in some instances, deprive the party of the benefit ofa view by challenging peremptorily the viewers who attend might] where there are only two; and in all weaken the force of the view, by diminishing the number of viewers. If there is a cause of challenge, as if the juror on the view has declared an opinion on the general merits of the cause ; this, and every other just exception is open to him. The jury selected for the view have performed a part of their duties ; have acquired a knowledge which a view is so well calculated to afford in causes of a certain nature ; they have an allowance for daily pay when engaged in the view ; for all these reasons, they ought not to be dismissed on the peremptory and arbitrary challenge of the party. The Court were, therefore, right in overruling the challenge.
Challenges of viewers for cause, it would be unjust to deprive a party of; he cannot make them until the juror is called ; and it might occur, although very rarely, that the viewers challenged for cause,might exhaust the whole panel; in such Gase, it is better the cause should be postponed than tried by a prejudiced jury. But this is widely different from the indulgence given by th.e act of April, 1809.
*356 The Court having decided the general question in all these causes,*' it becomes unnecessary to give an opinion on the preliminary question, whether the challenge and the overruling it, so appear on the record, in the case of Schwenk v. Umsted, as that the Court are bound judicially to notice and consider it a matter that could be assigned for error.
Judgment affirmed.

 Writs of error were pending in several other causes, all of which turned upon the same question.